FILED
United States Court of Appeals
Tenth Circuit

**March 8, 2010**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KANE COUNTY, UTAH, a political
subdivision,

     Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA,

     Defendant-Appellee.

-----------------------------------------------

SOUTHERN UTAH WILDERNESS
ALLIANCE, WILDERNESS
SOCIETY, SIERRA CLUB,

     Movants-Appellants.

No. 09-4087

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 2:08-CV-00315-CW)**

---

Heidi J. McIntosh, Southern Utah Wilderness Alliance, Salt Lake City, Utah
(Steven H.M. Bloch, Southern Utah Wilderness Alliance, Salt Lake City, Utah;
Edward B. Zukoski and Andrea Zaccardi, Earthjustice, Denver, Colorado, with
her on the briefs), for Movants to Intervene-Appellants Southern Utah Wilderness
Alliance, Wilderness Society, and Sierra Club.

Shawn T. Welch (Kendra L. Shirey and Janna B. Custer with him on the brief), of
Holme, Roberts & Owen LLP, Salt Lake City, Utah, for Plaintiff-Appellee Kane
County, Utah.

Aaron P. Avila, Attorney, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C. (John C. Cruden, Acting Assistant Attorney General; Brett L. Tolman, United States Attorney; John K. Mangum, Assistant United States Attorney; James E. Karkut, Office of the Regional Solicitor Department of the Interior, Salt Lake City, Utah; Romney S. Philpott, Attorney, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C., with him on the brief), for Defendant-Appellee United States.

---

Before **KELLY, EBEL,** and **BRISCOE**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

Southern Utah Wilderness Alliance, The Wilderness Society and the Sierra Club (collectively SUWA) appeal from the district court's denial of their motion to intervene in this action brought by Kane County, Utah, to quiet title to several purported rights-of-way across federal public lands within Kane County. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

Kane County encompasses approximately 1.6 million acres of federal public land, nearly 1.3 million acres of which lie within the Grand Staircase-Escalante National Monument (Monument). The non-Monument federal public land that lies within Kane County includes wilderness study areas, as well as portions of land that SUWA is advocating for protection under its long-proposed America's Red Rock Wilderness Act (a piece of legislation that has been

2

repeatedly introduced, but never adopted by Congress). Historically, Kane County officials have maintained public transportation routes that pass through or abut these areas of federal public land.

On April 25, 2008, Kane County initiated this action by filing a complaint against the United States under the Quiet Title Act, 28 U.S.C. § 2409a, seeking to quiet title to two roads, Mill Creek Road and Bald Knoll Road, both of which are located in western Kane County, approximately 20 miles northeast of Kanab, Utah, and cross portions of federal public land.[1] The complaint alleged that under a Reconstruction-era law known as Revised Statute 2477 (R.S. 2477)[2], Kane County had "accepted R.S. 2477 rights-of-way for" these two roads "on public lands not reserved for public uses." App. at 19. More specifically, the complaint alleged that Kane County had designated both roads "as public highways and [had] expend[ed] public funds to construct and maintain these roads prior to [the] October 21, 1976" repeal of R.S. 2477. Id. In addition, the complaint alleged

---

[1] The two roads actually encompass five segments of Kane County routes: Mill Creek Road includes segments of three different Kane County route numbers (K4400, K4410, and K4405) and Bald Knoll Road includes segments of two different Kane County route numbers (K3930A and K3935).

[2] "R.S. 2477 was repealed by the Federal Land Policy and Management Act of 1976, Pub.L. No. 94-579, § 706(a), 90 Stat. 2743, 2793. But that Act explicitly protect[ed] R.S. 2477 rights-of-way in existence at the time of its enactment. Because such a right-of-way could have come into existence without any judicial or other governmental declaration, much litigation continues over whether rights-of-way were in fact created on public land." San Juan County v. United States, 503 F.3d 1153, 1168 (10th Cir. 2007) (internal quotation marks and citations omitted).

3

that both roads had been "continuous[ly] use[d] as public thoroughfares for a period in excess of ten years prior" to the repeal of R.S. 2477. Id. at 20. The first claim alleged in the complaint sought to quiet title to Kane County's purported "R.S. 2477 public highway right-of-way for the Mill Creek [R]oad," "includ[ing] a right-of-way width of 66 feet . . . ." Id. at 35. The second claim alleged in the complaint sought, in similar fashion, to quiet title to Kane County's purported R.S. 2477 public highway right-of-way for Bald Knoll Road, "includ[ing] a right-of-way width of 66 feet . . . ." Id. at 36.

On July 14, 2008, the United States filed an answer asserting six specific defenses to the two claims alleged in Kane County's complaint: (1) the district court "lack[ed] jurisdiction over the subject matter of th[e] action due to [Kane County]'s failure to satisfy the 'particularity' requirement of the Quiet Title Act and thereby invoke a waiver of the United States' sovereign immunity under the Act," id. at 61; (2) the district court "lack[ed] jurisdiction over the subject matter of th[e] action due to [Kane County]'s failure to allege facts sufficient to show that it c[ould] satisfy the statute of limitations set forth in the Quiet Title Act," id.; (3) the district court "lack[ed] jurisdiction over the subject matter of th[e] action due to [Kane County]'s failure to allege a justiciable case or controversy between the parties," id.; (4) Kane County "failed to state a claim upon which relief c[ould] be granted," id.; (5) Kane County "failed to join indispensable parties under Rule 19 of the Federal Rules of Civil Procedure with respect to the

4

claimed rights-of-way that cross[] private land," id. at 62; and (6) Kane County's "claims are barred by the statute of limitations in the Quiet Title Act." Id.

On September 24, 2008, Kane County moved for leave to file an amended complaint. Attached to the motion was a proposed amended complaint asserting seven additional claims to quiet title to ten additional roads: Skutumpah, Swallow Park/Park Wash, North Swag and Nipple Lake Roads in western Kane County; and Sand Dune, Hancock, and four Cave Lakes Roads in southwestern Kane County. Id. at 98-129. The United States did not oppose the motion. On October 30, 2008, the district court granted Kane County's motion. Id. at 143. Kane County's amended complaint was subsequently filed on November 10, 2008.

On November 26, 2008, SUWA moved for leave to intervene as of right "as a defendant in th[e] action pursuant to Fed. R. Civ. P. 24(a)(2)." Id. at 210. "In the alternative, SUWA request[ed] leave to permissively intervene pursuant to Fed. R. Civ. P. 24(b)." Id. Both Kane County and the United States opposed SUWA's motion to intervene.

On April 6, 2009, the district court issued a memorandum decision and order denying SUWA's motion to intervene. After outlining the requirements for intervention as of right under Rule 24(a)(2), the district court noted that Kane County and the United States disputed "only the issues of whether SUWA, as a practical matter, ha[d] an interest that m[ight] be impaired or impeded and whether SUWA's interest [wa]s adequately represented by the existing parties."

5

Id. at 772. With respect to the first of these issues, the district court concluded:

> As is evident from the Complaint, the only issue in this case is whether Kane County can establish that it holds title to the roads at issue. How the lands adjacent to the roads will be managed and whether the roads themselves will be open to the public once title is determined are not issues that are relevant to the determination of the quiet title action. In this case, it is evident that SUWA does not have a "legal interest" in the usual understanding of that word in a title context. While SUWA obviously has an interest in the sense that it cares deeply about the outcome of the decision, it does not claim title to the roads at issue. This conclusion was evident by SUWA's concession at oral argument that, were the United States and Kane County to resolve all of the title issues as to the roads without SUWA's consent or participation, SUWA would have no right to continue with the action and the action would be dismissed.
>
> Based on the specific facts in this case and the differences between the issues raised by Kane County and those in San Juan County, the court finds that SUWA has not established the element of having an impaired interest in the litigation. The issues raised in this case do not include the same factual underpinnings of continuing controversy over roads into areas that have been protected by the National Park Service as did the roads at issue in San Juan County.

Id. at 773-74 (emphasis added). The district court further concluded that SUWA had "failed to show that its interests in th[e] case [we]re not adequately represented by the United States," id. at 774:

> The only issue to be resolved, as SUWA conceded at oral argument, is whether the United States or Kane County holds title. Whether Kane County can establish the requirements to show that it holds title to the roads based on R.S. 2477 will turn entirely on the historic use of these roads by the public for the period required under Utah law prior to 1976. In neither its briefing nor at a [sic] oral argument was SUWA able to proffer any evidence to which it would have access about the historical use of the roads that is not available to the United States. Moreover, SUWA does not present evidence that it has any special expertise, experience or knowledge with

6

respect to the historic use of the roads that would not be available to the United States.

Indeed, the primary focus of SUWA's briefing in support of its motion is its long history of advocating to preserve the wilderness characteristics of the lands and the risks that opening the roads to the public may have on preserving such wilderness areas. None of these facts is relevant to the determination of whether Kane County holds title. * * * In San Juan County, the court reminded that "nothing we have said would contravene the holding that Rule 24(a)(2) does not require intervention as of right for the purpose of presenting only irrelevant argument or evidence." The only arguments that SUWA appears to be prepared to make in this case would not be made by the United States are those relating to the management of the land, which would be irrelevant and not admissible in evidence.

The United States argues that it has been and will be vigorous in defending its claim to legitimate title to the roads. The record does not compel a different conclusion. Absent evidence showing that the United States will not vigorously defend this position, there is no basis to allow intervention by SUWA.

Id. at 775-76 (emphasis added). Lastly, the district court rejected SUWA's request for permissive intervention, concluding "there [wa]s nothing in the briefing nor the arguments to suggest that SUWA would offer any additional defenses or claims relevant to the issues to be decided that would not already be fully and completely advocated by the United States," and that "SUWA d[id] not share any claim or defense . . . that [wa]s different from any other member of the public who cares deeply about the outcome of th[e] litigation." Id. at 777.

II

In this appeal, SUWA challenges both the district court's denial of its motion to intervene as of right under Rule 24(a)(2), and the district court's denial

7

of its motion for permissive intervention under Rule 24(b). We review de novo a district court's ruling on a motion to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). Coal. of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of the Interior, 100 F.3d 837, 840 (10th Cir. 1996). We review rulings on permissive intervention under Rule 24(b) for abuse of discretion. Alameda Water & Sanitation Dist. v. Browner, 9 F.3d 88, 89-90 (10th Cir. 1993).

*I. Intervention as of right*

"Rule 24(a)(2) provides for intervention as of right by anyone who in a timely motion 'claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.'" WildEarth Guardians v. U.S. Forest Serv., 573 F.3d 992, 995 (10th Cir. 2009) (quoting Fed. R. Civ. P. 24(a)(2)). It is undisputed in this case that SUWA timely moved to intervene. Thus, the propriety of SUWA's motion to intervene as of right hinges on: (1) whether SUWA has an interest relating to the quiet title claims alleged in Kane County's first amended complaint that may, as a practical matter, be impaired or impeded by the disposition of the litigation; and (2) whether the United States, in defending against Kane County's quiet title claims, will adequately represent SUWA's interest. Proceeding directly to the latter of these inquiries, we conclude that, even assuming SUWA has an interest in the quiet title proceedings at issue,

8

SUWA has failed to establish that the United States may not adequately represent SUWA's interest.  Consequently, we agree with the district court that SUWA was not entitled to intervene as of right under Rule 24(a)(2).

   *a)  Adequacy of the United States' representation of SUWA's interests*

   "Even if an applicant satisfies the other requirements of Rule 24(a)(2), it is not entitled to intervene if its 'interest is adequately represented by existing parties.'" San Juan County, 503 F.3d at 1203 (quoting Fed. R. Civ. P. 24(a)(2)).

   In San Juan County, this court, sitting en banc, was presented with a nearly identical "adequacy of representation" question, but was unable to reach a consensus in resolving that question.  To begin with, only seven of the thirteen members of the en banc court concluded that SUWA had a legally protectable interest in the quiet title action, and thus only those seven members reached the merits of the "adequacy of representation" question.[3]  The lead opinion in San Juan County concluded, in a section garnering the votes of only three of those seven members, that a presumption of adequate representation applied because the government and SUWA shared the "single objective" of defending exclusive title to the roads at issue.  Id. at 1204 (opinion of Hartz, J.).  In that same section, the

---

   [3] The remaining six members of the en banc court concluded that intervention by SUWA was improper both because SUWA lacked a legally protectable interest in the quiet title action, and because, in any event, intervention was barred by sovereign immunity.  Those six judges, together with the three judges who joined the lead opinion, comprised a majority that effectively affirmed the district court's denial of intervention.

lead opinion further concluded that SUWA could not overcome this presumption because it provided "no reason to believe that the [government] ha[d] any interest in relinquishing . . . any part of the federal title to the road" at issue. Id. at 1207.

In contrast, four of the seven members concluded that "SUWA [had] satisfied its minimal burden of showing that the [government might not] adequately represent SUWA's interests in th[e] litigation." Id. at 1227 (Ebel, J., concurring in part, dissenting in part). This conclusion was based, in pertinent part, on the notion that the quiet title action at issue would not "require[] a simple binary determination" of whether "San Juan County ha[d] a right-of-way easement or not," but instead would involve a "more nuanced" determination that included "not only whether there [wa]s any right-of-way, but also the nature and scope of that right-of-way if it d[id] exist." Id. at 1228.

Although San Juan County does not mandate a particular outcome in this case, we are persuaded, based upon comparing the arguments made by SUWA in this case regarding the adequacy of representation question with the rationales adopted by the two competing contingents in San Juan County, that SUWA has failed to establish that its interest in the instant case will not be adequately represented by the federal government. As noted, the four members of the en banc court who concluded that intervention should have been granted in San Juan County emphasized that the quiet title action at issue there would involve a "nuanced" determination encompassing "not only whether there [wa]s any right-

10

of-way, but also the nature and scope of that right-of-way if it d[id] exist." Id. at 1228 (Ebel, J., concurring in part, dissenting in part). In seeking to intervene in this case, however, SUWA made no such assertion regarding the quiet title claims alleged by Kane County. Instead, SUWA argued below only that (1) the history of adversarial relations between itself and the Bureau of Land Management (BLM) demonstrated that the United States might not adequately represent SUWA's interests, and (2) "BLM ha[d] not shown a willingness to defend federal control of its routes in the face of [prior] County claims and actions." App. at 244. Moreover, SUWA conceded at the hearing on its motion before the district court that "[t]he only issue to be resolved . . . [wa]s whether the United States or Kane County h[eld] title" to the roads at issue. Id. at 775. To be sure, SUWA's counsel attempted, upon questioning at oral argument before this court, to argue that SUWA and the United States might disagree as to the potential scope of Kane County's purported rights-of-way. But any argument in that regard has, for purposes of this appeal, been waived. See Singleton v. Wulff, 428 U.S.106, 120 (1976) ("[A] federal appellate court does not consider an issue not passed upon below."); Turner v. Pub. Serv. Co. of Colo., 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal."). Further, SUWA has not challenged on appeal the district court's findings that SUWA failed to (a) "proffer any evidence to which it would have access about the historical use of the roads that [wa]s not available to

11

the United States," or (b) "present evidence that it ha[d] any special expertise, experience or knowledge with respect to the historic use of the roads that would not be available to the United States." App. at 775.

As for the two arguments actually asserted below by SUWA, we are not persuaded they are sufficient, either alone or together, to establish that the federal government will fail to adequately represent SUWA's interests. Indeed, we agree with the federal government that those arguments "rel[y] on inapplicable cases involving intervention in challenges to administrative action as well as irrelevant speculation about and critiques of potential litigation strategies by the" federal government, and "SUWA's disagreement with the United States' land management decisions in the past does not demonstrate that the United States is an inadequate representative in this title dispute, which is ultimately grounded in non-federal activities that predate those management decisions." Gov't Br. at 20. Moreover, we note that, as was the case in San Juan County, the federal government "ha[s] displayed no reluctance [in these proceedings], at least so far as the record before us shows, to claim full title to" the roads at issue, and "SUWA has provided no basis to predict that the [federal government] will fail to present . . . an argument on the merits that SUWA would make." 503 F.3d at 1206 (opinion of Hartz, J.).

*b) Conclusion*

For the reasons outlined above, we conclude the district court did not err in

12

rejecting SUWA's motion to intervene as a matter of right under Rule 24(a). Assuming, for purposes of argument, that SUWA has a valid interest in these quiet title proceedings, it has failed to establish, at this stage of the litigation, that the federal government will not adequately protect its interest.

## II. *Permissive Intervention*

Federal Rule of Civil Procedure 24(b) governs permissive intervention. Subsection (b)(1)(B) thereof requires the potential intervenor to show that it "has a claim or defense that shares with the main action a common question of law or fact." Further, Rule 24(b)(3) states that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." The grant of permissive intervention lies within the discretion of the district court. City of Stillwell v. Ozarks Rural Elec. Coop., 79 F.3d 1038, 1043 (10th Cir. 1996).

In its motion to intervene, SUWA argued, in addressing the possibility of permissive intervention, that it "intend[ed] to assert claims and defenses that [we]re in common with those that [we]re at the center of th[e] action: whether the facts and circumstances of th[e] case support[ed] a finding that Kane County h[eld] a valid [right-of-way] under R.S. 2477 to" the routes at issue. App. at 247. SUWA also noted that "in its proposed answer [it] raise[d] a number of defenses concerning whether Kane County c[ould] maintain its action under the Quiet Title Act." Id. Lastly, SUWA asserted that its "presence in the litigation w[ould] not

13

cause 'undue delay or prejudice'" because "[t]he parties [we]re at the very beginning of the case, and SUWA agree[d] to abide by the schedules set by the [district court]." Id. at 248.

The district court, in denying SUWA's request for permissive intervention, first noted that unlike the situation in Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094 (10th Cir. 2002), the sole case relied upon by SUWA in support of permissive intervention, the United States in this case had "assert[ed] its intent to fully defend" against Kane County's quiet title claims. Id. at 777. Continuing, the district court concluded that resolution of Kane County's quiet title claims would not involve any claims or defenses in common "with SUWA's asserted conservation interest." Id. Rather, the district court concluded, the claims were "limited to the question of title, an issue . . . adequately represented by the United States." Id. Further, the district court noted "[t]here [wa]s nothing in the briefing nor the arguments to suggest that SUWA would offer any additional defenses or claims relevant to the issue to be decided that would not already be fully and completely advocated by the United States." Id. Finally, the district court concluded that because "SUWA d[id] not share any claim or defense in th[e] action that [wa]s different from any other member of the public who cares deeply about the outcome of th[e] litigation," "allow[ing] SUWA to intervene . . . under Rule 24(b) would be an invitation to any member of the public who holds strong views about the outcome to seek to intervene." Id.

14

On appeal, SUWA challenges the district court's ruling, but only very briefly. SUWA asserts that "the district court abused its discretion because it erroneously held that SUWA [wa]s obligated to offer 'additional defenses or claims relevant to the issue to be decided' from those offered by the United States." Aplt. Br. at 50. SUWA argues "[t]his is clear legal error that warrants reversal" because "Rule 24(b) contains no requirement that intervenors offer a separate or additional claim or defense." Id. (emphasis in original).

Although SUWA is correct in noting that Rule 24(b) does not require a permissive intervenor to assert a separate or additional claim or defense, nothing in the Rule necessarily prohibits a district court, in exercising its discretion under Rule 24, from taking that fact into consideration (and SUWA has cited no cases holding that that is an improper consideration under Rule 24(b)). Moreover, even assuming, for purposes of argument, that the district court erred in relying on this factor, SUWA has not challenged the three other rationales offered by the district court for denying SUWA's request for permissive intervention. Thus, SUWA has not established that the district court's decision was "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." See Nalder v. West Park Hosp., 254 F.3d 1168, 1174 (10th Cir. 2001) (defining abuse of discretion review) (internal quotations omitted).

AFFIRMED.

15