GORSUCH, J., Circuit Judge,
dissenting.
Treat like cases alike: that may be the first and most prosaic duty of the judge. Like most rules, this one may bear its *883 exceptions. But the notion is so old and so embedded in our sense of justice that its origins trace back almost as far as our collective memory extends. Today that commonplace rule leads me to think we should be in the business of affirming rather than reversing the district court’s order in this regulatory dispute.
In San Juan County v. United States, this court, sitting en banc, refused to permit intervention as a matter of right under Fed.R.Civ.P. 24(a)(2). Exactly as the district court did here. Compare San Juan, 503 F.3d 1168, 1208-07 (10th Cir.2007), with Maj. Op. at 879.
The en banc plurality in San Juan issued the narrowest and so controlling ruling, see Marks v. United States, 430 U.S. 188, 193-94, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977), and it held that Rule 24(a)(2) doesn’t permit intervention as a matter of right if an existing party already adequately represents that interest. Exactly as the district court did here. Compare San Juan, 503 F.3d at 1203, with Maj. Op. at 879.
The en banc plurality acknowledged that the government and the would-be interve-nors had locked horns before, but observed that the lawsuit brought them together around a single, shared legal objective. Exactly as the district court did here. Compare San Juan, 503 F.3d at 1204, with Maj. Op. at 879.
The en banc plurality noted that the would-be intervenors were worried that the government might not make the right arguments in pursuit of their shared legal objective, that the government’s objective could shift during the litigation, or that other rifts might emerge during the life of the case. But the plurality held speculation of this sort isn’t enough to justify intervention as a matter of right under Rule 24(a)(2). Exactly as the district court did here. Compare San Juan, 503 F.3d at 1206-07, with Maj. Op. at 881-82.
Finally, the en banc plurality explained that if an actual, non-speculative difference emerged between the would-be intervenors and the government during the life of the lawsuit, that would be the proper time to consider intervention, not before. Exactly the same holds true here. See San Juan, 503 F.3d at 1207; Benjamin ex rel. Yock v. Dep’t of Pub. Welfare, 701 F.3d 938, 958 (3d Cir.2012).
Intervention confers much more than the power to argue before the court as an amicus (a role no one’s been denied in our case). An intervenor becomes a full-fledged party, able to conduct discovery, file motions, and add new issues and complexity and delay to the litigation. Given the original parties’ interest in resolving their controversy promptly — not to mention the public’s interest in husbanding limited judicial resources — careful attention to Rule 24(a)(2) serves important purposes. 7C Charles Alan Wright et al., Federal Practice and Procedure § 1904 (3d ed.2007). All these considerations applied in San Juan, and they apply no less here.
Simply put, the district court rejected intervention as a matter of right because this case involves a single issue and there is no actual conflict between the government and the would-be intervenors over how to approach it. In so doing, the district court treated the motion to intervene exactly as the en banc plurality in San Juan — and our subsequent decisions — said it should. Compare Kane Cnty. v. United States, 597 F.3d 1129, 1135 (10th Cir.2010) (denying intervention by right where government and would — be intervenors agreed about the only issue in the case), with WildEarth Guardians v. U.S. Forest Serv., 573 F.3d 992, 997 (10th Cir.2009) (allowing intervention by right where gov *884 ernment had admitted its multiple objectives conflicted with would — be interve-nors’ interests). Respectfully, I believe the district court’s order merits our affir-mance.